LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOHEB HASSAN,
*on behalf of himself,*
*FLSA Collective Plaintiffs and the Class,*

                Plaintiff,

   v.

LA GRENOUILLE, INC. and
PHILIPPE MASSON,

                Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

     Plaintiff JOHEB HASSAN, ("Plaintiff HASSAN" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, LA GRENOUILLE, INC. (the "Corporate Defendant"), and PHILIPPE MASSON (the "Individual Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

    1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants:

1

(1) unpaid wages, including overtime, due to an invalid tip credit, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to an invalid tip credit, (2) unpaid spread of hours premium, (3) compensation for late payment of wages, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

3. Plaintiff additionally alleges that Defendants unlawfully retaliated against him, in violation of the FLSA, and thus seeks to additionally recover from Defendants: (1) economic damages, (2) punitive damages, and (3) attorneys' fees and costs.

4. Plaintiff additionally alleges that Defendants unlawfully retaliated against him, in violation of the NYLL, and thus seeks to additionally recover from Defendants: (1) economic damages, (2) punitive damages, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the events giving rise to this Complaint took place in this District and because Defendants' principal place of business is in this District.

## PARTIES

7. Plaintiff JOHEB HASSAN is a resident of Middlesex County, New Jersey.

8. Corporate Defendant LA GRENOUILLE, INC. is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business located at 3 East 52nd Street, New York, New York 10022, and an address for service of process located at the same address. Individual Defendant is the owner of LA GRENOUILLE, INC.

9. Individual Defendant PHILIPPE MASSON is the principal, registered agent, and owner of Corporate Defendant LA GRENOUILLE, INC. PHILIPPE MASSON exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs and the Class. With respect to Plaintiff, FLSA Collective Plaintiffs and the Class, he exercised the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. At all times, employees could complain to PHILIPPE MASSON regarding any of the terms of their employment, and PHILIPPE MASSON would have the authority to effect any changes to the quality and terms of employees' employment. PHILIPPE MASSON ensured that employees effectively serve customers and that the business is operating efficiently and profitably. PHILIPPE MASSON exercised functional control over the business and financial operations of the Corporate Defendant. PHILIPPE MASSON had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and could reprimand employees.

10. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members were directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

12.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including servers, waiters, bussers, food runners, sommeliers, baristas, food preparers, cooks, bartenders, barbacks, maître d's, hosts, cooks, back of house staff, and front of house staff among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including overtime. A subclass of tipped employees has a claim for unpaid minimum wage and overtime, including those from an improperly deducted tip credit.

14.     The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

15.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including servers, waiters, bussers, food runners, sommeliers, baristas, food preparers, cooks, bartenders, barbacks, maître d's, hosts,

4

cooks, back of house staff, and front of house staff among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees ("Tipped Subclass") who also number more than forty (40). Plaintiff HASSAN is a member of both the Class and the Tipped Subclass.

18. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including overtime, due to an invalid tip credit, (ii) failing to pay spread of hours premium, (iii) late payment of wages, (iv) failing to provide proper wage statements per requirements of the NYLL, and (v) failing to provide proper wage and hour notices per requirements of the NYLL.

19. More specifically, with regard to Plaintiff and the Tipped Subclass, Defendants also failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the NYLL. Plaintiff and the Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

20. With regard to a subclass of non-exempt tipped employees employed by Defendants, Defendants retained and failed to remit all tips earned by bussers and servers.

21. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

   c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

   d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

   e. Whether Defendants paid Plaintiff and Class members the proper wages, including overtime compensation, for all hours worked;

   f. Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

   g. Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

   h. Whether Defendants caused tipped employees to engage in non-tipped duties exceeding twenty percent (20%) of each workweek;

   i. Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

   j. Whether Defendants provided proper wage statements informing tipped employees of the amount of tip credit taken for each payment period.

k. Whether Defendants paid Plaintiff and Class members the New York State "spread of hours" premium when their workdays exceeded ten hours;

l. Whether Defendants paid Plaintiffs and Class Members their lawful wages in a timely manner;

m. Whether Defendants provided proper wage statements informing the Plaintiff and the Class Members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the NYLL; and

n. Whether Defendants provided proper wage notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL.

## STATEMENT OF FACTS

*Wage and Hour*

26. In or about October 2016, Plaintiff HASSAN was hired by Defendants to work as a busser at Defendants' La Grenouille restaurant, located at 3 East 52nd Street, New York, NY 10022. In or about February 2017, Plaintiff was promoted to a waiter. In or around October 2017, Plaintiff was demoted to busser. Plaintiff's employment with Defendants terminated in or around October 2020.

27. Between March 2020 and July 2020, La Grenouille was shut down because of the COVID-19 pandemic.

28. Throughout Plaintiff's employment with Defendants, Plaintiff HASSAN worked an irregular work schedule. Typically, Plaintiff worked five (5) days per week for approximately forty-two (42) hours per week. Plaintiff always worked at least ten (10) hours per day.

29. Throughout Plaintiff's employment, Defendants paid Plaintiff below the New York State minimum wage. Also, throughout Plaintiff's employment with Defendants, Defendants paid

Plaintiff at an improper overtime rate due to an improper tip credit. Specifically, in 2016, Plaintiff was paid an hourly rate of seven dollars and fifty cents ($7.50) per hour, for all hours worked up to forty (40) hours per week. In 2016, he was paid an overtime rate of twelve dollars and ninety-nine cents ($12.99) per hour for all hours worked in excess of forty (40) hours per week. In 2017, he was paid seven dollars and fifty cents ($7.50) per hour, for all hours worked up to forty (40) hours per week. In 2017, he was paid an overtime rate of thirteen dollars ($13.00) per hour for all hours worked in excess of forty (40) hours per week. In 2018, he was paid an hourly rate of eight dollars and sixty-five cents ($8.65) per hour, for all hours worked up to forty (40) hours per week. In 2018, he was paid an overtime rate of fifteen dollars and fifteen cents ($15.15) per hour. In 2019, he was paid an hourly rate of ten dollars ($10.00) per hour and an overtime rate of seventeen dollars and fifty cents ($17.50) per hour for all hours worked in excess of forty (40) hours per week. From in or around January 2020 to in or around February 2020, he was paid an hourly rate of ten dollars ($10.00) for all hours worked up to (40) hours per week. From in or around March 2020 to the end of his employment, he was paid at an hourly rate of eleven dollars ($11.00) per for all hours worked up to (40) hours per week.

30. At all relevant times, Plaintiff did not receive the proper overtime compensation, despite working over forty (40) hours per workweek. FLSA Collective Plaintiffs and Class members similarly did not receive proper overtime compensation.

31. At all times, Plaintiff and a subclass of FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff, a subclass of FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform that tip

credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA, (iii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek in violation of the FLSA and NYLL, (iv) failed to accurately track daily tips earned or maintain records thereof, (v) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL, and (vi) failed to provide a proper wage statement with every payment of wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL.

32. Plaintiff was required to engage more than twenty percent (20%) of his working time in non-tipped related activities, including setting up the tables, preparing the ice buckets, cleaning the bathrooms, sweeping and mopping, polishing glass and silver, setting up the dessert station, setting up the salad station, setting up the grill station, doing barista's jobs (making coffee and setting up coffee station), preparing the desserts, rolling up napkins. When there are parties, he was required to help the chef with the main course. Also, he was required to set up tables and furniture for parties/events. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding twenty percent (20%) of the total hours worked each workweek, Defendants improperly claimed tip credit for <u>all</u> hours worked by tipped employees.

33. Plaintiff and Class members regularly worked days that exceeded ten (10) hours in length, but Defendants unlawfully failed to pay Plaintiff and Class members the spread of hours premium for workdays that exceeded ten (10) hours in length.

34. Throughout Plaintiff's employment, Defendants regularly failed to pay Plaintiff his wages within seven (7) days of the end of the week in which Plaintiff earned them, in violation of

NYLL § 191(1)(a)(i).[1] Throughout Plaintiff's employment with Defendants, Defendants made payments to Plaintiff irregularly. Payments would always be paid in check about one (1) week later than expected. However, they were often two (2) weeks later than expected. Additionally, when employees worked on the second floor of the restaurant, they would frequently be paid one (1) or two (2) months later for work they performed for events and parties. Moreover, Defendants had no system in place to directly deposit funds into employees' bank accounts. So, employees would be required to wait for delayed checks to receive compensation.

35. Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and annually thereafter. Plaintiff did not receive proper wage notices either upon being hired or annually since the date of hiring in violation of the NYLL.

36. Plaintiff and Class members received wage statements that were not in compliance with the NYLL. Defendants were required to provide itemized listings of deductions taken on a wage statement with every payment of wages. Defendants failed to satisfy the requirements under the NYLL because the wage statements did not clearly include tip credit allowance for each payment period. Plaintiff and Class members also received fraudulent wage statements that failed to accurately state spread of hours premiums owed to Plaintiff and Class members for working over ten (10) hours a day.

37. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage, and the proper overtime rate thereof for hours worked over forty (40) in a workweek, to Plaintiff, FLSA Collective

---

[1] See *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

Plaintiffs and Class members. Defendants were not entitled to claim any tip credits under FLSA or NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members, in violation of the NYLL.

39. Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked.

40. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL.

41. Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

*Retaliation*

42. Defendants retaliated against Plaintiff HASSAN in violation of the FLSA and NYLL by demoting Plaintiff in response to his complaints about his tasks and wages as a waiter and treatment by senior captains and other managers.

43. In or around October 2017, when Plaintiff was working as a waiter, senior captain Mr. Rogers started bossing Plaintiff around and telling him to clean the bathroom and do other tasks that waiters did not normally do. Plaintiff complained to Mr. Rogers and owner Philippe Masson that he was asked to complete tasks that normal waiters did not do and that if he was to continue doing these tasks, he should be paid more than tip credit minimum wage.

44. In response to Plaintiff HASSAN's complaint about his wages Defendants demoted Plaintiff from his position as a waiter to busser. Furthermore, Plaintiff was even hit by Mr. Wilson, Mr. Roger's son in response to complaining. When Plaintiff complained about getting hit, Philippe

13

Masson brushed him off and told Plaintiff to just call the police. When Mr. Rogers demoted Plaintiff back to busser, he told Plaintiff that if he didn't like it he can quit.

45. Plaintiff retained Lee Litigation Group, PLLC to represent him, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

46. Plaintiff realleges and reavers Paragraphs 1 through 45 of this Class and Collective Action Complaint as fully set forth herein.

47. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

48. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

49. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

50. At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage and proper overtime premium to Plaintiff and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under the FLSA.

51. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs

should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

52. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

54. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, plus an equal amount as liquidated damages.

55. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW
### ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

56. Plaintiff realleges and reavers Paragraphs 1 through 55 of this Class and Collective Action Complaint as fully set forth herein.

57. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the NYLL, §§ 2 and 651.

58. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the statutory minimum wage and proper overtime premium for their lawful hours worked. Defendants were not entitled to claim any tip credits.

59. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay

"spread of hours" premium to them for each workday that exceeded ten (10) or more hours.

60. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them their wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

61. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period. Defendants also provided fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation, including tips illegally withheld from Plaintiff and Class members.

62. Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the NYLL.

63. Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, including overtime, due to an invalid tip credit, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

### RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

64. Plaintiff realleges and reavers Paragraphs 1 through 63 of this Class and Collective Action Complaint as fully set forth herein.

65. At all relevant times Plaintiff was an employee of Defendants within the meaning of the FLSA, and was a person covered by and intended to benefit from the provisions of the FLSA.

66. Section 15(a)(3) of the FLSA provides that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this Act."

67. As alleged herein, Plaintiff complained to Defendants and managers about his wage violations.

68. In response to such complaints, Defendants demoted Plaintiff from waiter to busser in violation of Section 15(a)(3).

69. This retaliatory demotion was in willful disregard of the provisions of the FLSA.

70. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff suffered damages in the form of lost earnings. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the FLSA.

### COUNT IV

### RETALIATION UNDER THE NEW YORK LABOR LAW

71. Plaintiff realleges and reavers Paragraphs 1 through 70 of this Class and Collective Action Complaint as fully set forth herein.

72. At all relevant times Plaintiff was an employee of Defendants within the meaning of the NYLL, and was a person covered by and intended to benefit from the provisions of the NYLL.

73. Defendants willfully violated the NYLL by retaliating against Plaintiff by demoting him shortly after he raised concerns about his wages.

74. Defendants' actions constitute a violation of Sections 215 of the NYLL. In relevant

part, NYLL § 215(1)(a) states:

> No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, <u>reasonably and in good faith, believes violates any provision of this chapter</u>, or any order issued by the commissioner. . . . (emphasis added).

75. As alleged herein, Plaintiff complained to Defendants and managers about his wage violations.

76. In response to such complaints, Defendants demoted Plaintiff from waiter to busser in violation of Section 215(a).

77. his retaliatory demotion was in willful disregard of the provisions of the NYLL

78. As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff suffered damages in the form of lost earnings. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due under the FLSA and the NYLL, including those due to an invalid tip credit;

d. An award of unpaid "spread of hours" premium due under the NYLL;

e. An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

**l.** Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 2, 2021

                              Respectfully submitted,

                 By:  */s/ C.K. Lee*
                        C.K. Lee, Esq.

                        LEE LITIGATION GROUP, PLLC
                        C.K. Lee (CL 4086)
                        Anne Seelig (AS 3976)
                        148 West 24th Street, Eighth Floor
                        New York, NY 10011
                        Tel.: 212-465-1188
                        Fax: 212-465-1181
                        *Attorneys for Plaintiff,*
                        *FLSA Collective Plaintiffs and the Class*