# Lee Litigation Group, PLLC

### 148 West 24th Street, 8th Floor
### New York, NY 10011
### Tel: 212-465-1188
### Fax: 212-465-1181
### info@leelitigation.com

Writer's Direct:  (212) 465-1188
cklee@leelitigation.com

April 27, 2022

**Via ECF**
Hon. John P. Cronan, U.S.D.J.
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Hassan v. La Grenouille, Inc. et al*
Case No.: 21-cv-10262

Dear Judge Cronan:

We are counsel to Plaintiff in the above-captioned case. Plaintiff writes, pursuant to Your Honor's Individual Rules and Practices (5)(C) and Plaintiff respectfully request a conference with the Court to address the following discovery issue:

1. **Class Discovery**

Plaintiff through his counsel C.K. Lee, and Defendants through their counsel ("the Parties"), met and conferred by phone on April 25, 2022 at 3:00 p.m. for approximately 15 minutes regarding the above discovery dispute, but are unable to resolve these disputes without judicial intervention. Plaintiff has communicated to Defendants that he would be preparing this discovery dispute motion.

## (1) Class Discovery

During Parties' April 25, 2022, meet and confer, Defendants made it clear, that they will not be providing class documents, but will only be providing documents for the individuals who opt-in to the collective after the opt-in period ends on June 5, 2022.

Although the Court has approved Parties stipulation to conditional collective certification for all non-exempt tipped employee, including servers, waiters, bussers, and food runners, employed by Defendants at any time between December 2, 2018 and the present, which is expected to be approximately thirty-one (31) individuals ("Covered Employees"). Plaintiff still intends to litigate and mediator on a six (6) year class wide basis. Plaintiff will also need the class documents for a Rule 23 Class Certification Motion.

Plaintiff has served discovery request on Defendants on April 25, 2022, requesting class documents for the last six (6) year.

Therefore, discovery as to potential class members, is especially necessary as parties agreed to, and will be mediating on behalf of the Class. Such records are appropriate because they will help assess the claims and damages of the Class, but Defendant refuses to produce any documents beyond that of Plaintiff at this time. Courts consistently find that that "a blanket refusal to provide class and collective discovery would be inappropriate." (Order at 2). *Thompson v. Glob. Contact Servs., LLC*, 2021 U.S. Dist. LEXIS 57589, at *2 (E.D.N.Y. Feb. 16, 2021). This assertion is meritless.

For the reasons stated herein, the Court should compel the above-referenced discovery.

                    *              *              *

In view of the foregoing, Plaintiff requests the Court's attention to the above matters and respectfully request an Order resolving the parties' disputes, or a conference to discuss the same.

We appreciate Your Honor's consideration.

Respectfully submitted,

                              For Plaintiff:

                              By: */s/ C.K. Lee*
                              C.K. Lee, Esq.
                              Anne Seelig, Esq.
                              Lee Litigation Group, PLLC
                              148 West 24th Street, 8th Floor
                              New York, New York 10011
                              Telephone: (212) 465-1188
                              cklee@leelitigation.com
                              anne@leelitigation.com

SO ORDERED

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 10/6/22

As discussed at the October 6, 2022 conference before this Court, the discovery disputes at issue in ECF No. 19 have been resolved. The Clerk of Court is directed to terminate the motion at ECF No. 19.