**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHEB HASSAN and GEORGE LOPEZ, *on behalf of themselves, FLSA Collective Plaintiffs, and the Class*, <br><br> Plaintiffs, <br><br> -against- <br><br> LA GRENOUILLE, INC. and PHILIPPE MASSON, <br><br> Defendants | Case No.: 21-cv-10262 |

**ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE CLASS, AND (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES**

After participating in a private mediation session, and despite their adversarial positions in this matter, Named Plaintiffs Joheb Hassan and George Lopez ("Plaintiffs") and Defendants La Grenouille, Inc. and Philippe Masson (collectively "Defendants", and with Plaintiffs, the "Parties") negotiated a settlement of this litigation. The terms of the proposed settlement ("Settlement") are set forth in the Class Settlement Agreement ("Settlement Agreement").

On January 26, 2023, Plaintiffs filed a Notice Of Motion For Order (1) Conditionally Certifying Settlement Class, (2) Granting Preliminary Approval To Proposed Class Action Settlement And Plan Of Allocation, (3) Directing Dissemination of Notice And Related Material To The Class, and (4) Setting Date For Fairness Hearing And Related Dates ("Motion"). In their Motion, Plaintiffs requested that, for settlement purposes only, this Court conditionally certify a class under Federal Rule of Civil Procedure 23 and a collective action under Section 16(b) of the Fair Labor Standards Act. Plaintiffs also requested that the Court grant preliminary approval to the Settlement, including the plan of allocation in that Agreement, and that the Court approve a

proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice," attached as **Exhibit B** to the Settlement Agreement).  Having reviewed the Settlement Agreement and Motion, along with the Parties' prior submissions in this matter, the Court now FINDS, CONCLUDES, AND ORDERS as follows:

## I.    <u>Background</u>

Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Plaintiffs claim, *inter alia*, that Defendants failed to pay them and Class Members their proper regular wages, overtime wages, illegally retained gratuities, failed to reimburse costs for purchasing and maintaining uniforms, and also failed to meet the NYLL's requirements on wage statements and notices.  Defendants have disputed, and continue to dispute, Plaintiffs' allegations in this lawsuit, and Defendants deny any liability for any of the claims that have or could have been alleged by Plaintiffs or the persons that they seek to represent.

## II.    <u>Definition Of The Settlement Class</u>

The Parties have entered into the Settlement Agreement solely for the purposes of compromising and settling their disputes in this matter.  As part of the Settlement Agreement, Defendants have agreed not to oppose, for settlement purposes only, conditional certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and 29 U.S.C. § 216(b) of the following settlement class (the "Class"):

> Named Plaintiffs and all hourly, non-supervisory front and back of the house employees who worked for Defendants from December 12, 2015 through December 20, 2022.

## III.    <u>Designation Of The Class As An FLSA Collective Action</u>

The Court finds that the members of the Class are similarly situated within the meaning of Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), for purposes of determining whether the terms of settlement are fair.  Accordingly, the Court conditionally certifies the Class

as an FLSA collective action.  The Court authorizes the Notice (attached as **Exhibit B** to the Settlement Agreement) to be mailed to potential members of the FLSA collective action, notifying them of the pendency of the FLSA claim, and of their ability to join the lawsuit.

Members of the Class who sign, negotiate, endorse, deposit or cash their Settlement Checks in this matter will acknowledge the following: "By endorsing this check, I opt-in to the class and collective settlement and release all wage and hour claims pursuant the Class Settlement Agreement under S.D.N.Y. Case No. 21-cv-10262." All Settlement Checks shall be deemed filed with the Court at the time each Class Member signs, endorses, deposits, cashes or negotiates his or her Settlement Check.

## IV.    Rule 23 Certification of the Class

Preliminary settlement approval, provisional class certification, and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring all Class members are notified of the terms of the proposed Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 790-92 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class); *Almonte v. Marina Ice Cream Corp.*, No. 1:16-CV-00660 (GBD), 2016 WL 7217258, at *2 (S.D.N.Y. Dec. 8, 2016) (conditionally certifying wage and hour settlement class and granting preliminary approval); *Clem v. Keybank, N.A.*, No. 13 CIV. 789 JCF, 2014 WL 1265909, at *2 (S.D.N.Y. Mar. 27, 2014) (same). In examining potential conditional certification of the Class, the Court has considered: (1) the allegations, information, arguments and authorities cited in the Motion for Preliminary Approval and supporting memorandum and declarations; (2) the allegations, information, arguments and authorities provided by the Parties in connection with the pleadings and motions

filed by each of them in this case; (3) information, arguments, and authorities provided by the Parties in conferences and arguments before this Court; (4) Defendants' conditional Settlement agreement, for settlement purposes only, not to oppose conditional certification of the Class; (5) the terms of the Settlement Agreement, including, but not limited to, the definition of the Class; and (6) the elimination of the need, on account of the Settlement, for the Court to consider any trial manageability issues that might otherwise bear on the propriety of class certification.  The parties have provided the Court with information "sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1).  Notice to class members who would be bound by the Settlement is justified by the parties' showing "that the [C]ourt will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

This Court finds (exclusively for the present purposes of evaluating the Settlement) that Plaintiffs meet all the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). As required under Rule 23(a), Plaintiffs have demonstrated that the Class is sufficiently numerous, that there are common issues across the Class, that the Plaintiffs' claims are typical of the Class, and that the Plaintiffs and their attorneys would be effective as Class Representatives and Class counsel, respectively. The Court also finds that the common issues identified by Plaintiffs predominate over any individual issues in the case such that class action is superior in this context to other modes of litigating this dispute. Because the class certification request is made in the context of settlement only, the Court need not address the issue of manageability. The Court therefore concludes that the purported Class satisfies the elements of Rule 23(b)(3).  Accordingly, pursuant to Rule 23(c) and (e), the court certifies this Class for the purposes of settlement, notice, and award distribution only.

Should this Settlement not receive final approval, be overturned on appeal, or otherwise not reach completion, the Class and collective certification granted above shall be dissolved immediately upon notice to the Plaintiffs and Defendants, and this certification shall have no further effect in this case or in any other case. Plaintiffs will retain the right to seek class and collective certification in the course of litigation, and Defendants will retain the right to oppose class and collective certification. Neither the fact of this certification for settlement purposes only, nor the findings made herein, may be used to support or oppose any Party's position as to any future class or collective certification decision in this case, nor shall they otherwise have any impact on such future decision.

## V.    Appointment Of Class Representative, Class Counsel, And Claims Administrator

Named Plaintiffs Joheb Hassan and George Lopez are appointed as representatives of the Class, both under Rule 23 and under 29 U.S.C. § 216(b).

C.K. Lee, Esq. of Lee Litigation Group, PLLC is appointed as class counsel for the Class ("Class Counsel").

Advanced Litigation Strategies, LLC is appointed as Claims Administrator.

## VI.    Disposition Of Settlement Class If Settlement Agreement Does Not Become Effective

If, for any reason, the Settlement Agreement ultimately does not become effective, Defendants' agreement not to oppose conditional certification of the Class shall be null and void in its entirety; this Order conditionally certifying the Class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties

for any purpose in this action or in any other action.  In particular, the Class certified for purposes

of settlement shall be decertified, and Defendants will retain the right to contest whether this case

should be maintained as a class action or collective action and to contest the merits of the claims

being asserted by Plaintiffs.

## VII.    Preliminary Approval Of The Terms Of The Settlement Agreement, Including The Proposed Plan Of Allocation

The Court has reviewed the terms of the Settlement Agreement and the description of the

Settlement in the Motion papers.  Based on that review, the Court concludes that the Settlement is

within the range of possible Settlement approval such that notice to the Class is appropriate.

The Court has also read and considered the declaration of Class Counsel in support of

preliminary approval.  Based on review of that declaration, the Court concludes that the Settlement

was negotiated at arm's length and is not collusive.  The Court further finds that Class Counsel

were fully informed about the strengths and weaknesses of the Class' case when they entered into

the Settlement Agreement.

As to the proposed plan of allocation, the Court finds that the proposed plan is rationally

related to the relative strengths and weaknesses of the respective claims asserted.  The proposed

plan of allocation is also within the range of possible approval such that notice to the Class is

appropriate.

Accordingly, the Court hereby grants preliminary approval to the Settlement Agreement

and the Plan of Allocation.

## VIII.    Approval Of The Form And Manner Of Distributing Class Notice and Opt-Out Statement

Plaintiffs have also submitted for this Court's approval a proposed Class Notice.  The

proposed Class Notice appears to be the best notice practical under the circumstances and appears

to allow the Class Members a full and fair opportunity to consider the Parties' proposed Settlement and develop a response. The proposed plan for distributing the Class Notice appears to be a reasonable method calculated to reach all Class Members who would be bound by the settlement.

The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this litigation, the settlement class at issue, the identity of Class Counsel, and the essential terms of the Settlement Agreement and Settlement; (2) appropriate information about Class Counsel's forthcoming application for attorneys' fees and other payments that will be deducted from the settlement fund; (3) appropriate information about how to participate in the Settlement; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement and Settlement; (5) appropriate information about how to challenge or opt-out of the Settlement, if they wish to do so; (6) appropriate information about how to notify the Claims Administrator of any address changes; and (7) appropriate instructions as to how to obtain additional information regarding this litigation, the Settlement Agreement, and the Settlement.

The Court, having reviewed the proposed Class Notice, finds and concludes that the proposed plan for distributing the same will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby Orders as follows:

1. The form and manner of distributing the proposed Class Notice are hereby approved.

2. Promptly following the entry of this Order, the Claims Administrator shall prepare final versions of the Class Notice, incorporating into the Class Notice the relevant dates and deadlines set forth in this Order.

3.      Defendants will make all reasonable efforts to ensure that the Claims Administrator receives the Class Member List specified in the Settlement Agreement no later than January 31, 2023.

4.      Within thirty (30) calendar days of the date of entry of this Order, the Claims Administrator shall mail, via First Class United States Mail, postage prepaid, the final version of the Class Notice using each Class Member's last known address.  The Claims Administrator shall take reasonable steps to obtain the correct address of any Class Member for whom the notice is returned by the post office as undeliverable and otherwise to provide the Class Notice.  The Claims Administrator will attempt re-mailing to Class Members for whom the mailing is returned as undeliverable.  The Claims Administrator shall notify Class Counsel and Defendants' Counsel of any mail sent to Class Members that is returned as undeliverable after the first mailing, as well as any such mail returned as undeliverable after the subsequent mailing.

5.      The Claims Administrator shall take all other actions in furtherance of claims administration as are specified in the Settlement Agreement.

**IX.    Procedures For Final Approval Of The Settlement**

The Fairness Hearing is to be held in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, NY.

**A.      Fairness Hearing**

The Court hereby schedules, for March 1, 2024, at the hour of 11:00 a.m., a hearing to determine whether to grant final certification of the Settlement Class, and the FLSA collective action, and final approval of the Settlement Agreement and the Plan of Allocation (the "Fairness Hearing").  At the Fairness Hearing, the Court also will consider any petition that may be filed for the payment of attorneys' fees and costs/expenses to Class Counsel, and any service payments to be made to the Plaintiffs.  Class Counsel shall file their petition for an award of

attorneys' fees and reimbursement of costs/expenses and the petition for an award of service payments no later than 15 days prior to the Fairness Hearing.

**B.      Deadline To Request Exclusion From The Settlement**

Class Members who wish to be excluded from the Settlement must submit a written and signed request to opt out to the Claims Administrator ("Opt-Out Statement").  To be effective, such Opt-Out Statements must be delivered to the Claims Administrator and postmarked by a date certain to be specified on the Notice, which will be sixty (60) calendar days after the Claims Administrator makes the initial mailing of the notice.

The Claims Administrator shall stamp the postmark date of the Opt-Out Statement on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendant's Counsel by email not later than three (3) days after receipt thereof. The Claims Administrator also shall, within fourteen (14) days after the end of the Opt-Out Period, provide Class Counsel and Defendants' Counsel a final list of all Class Members who mailed Opt-out Statements.  The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

**C.      Deadline For Filing Objections To Settlement**

Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing.  To be considered, a written objection must be mailed to the Claims Administrator via First Class United States Mail, postage prepaid, and be received by the Claims Administrator by a date that is not more than sixty (60) days from the mailing of the Notice to the Class Member.

The Claims Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defense Counsel by e-mail no later than three (3) days after receipt.

**D.     Deadline For Filing Motion For Judgment And Final Approval**

No later than fifteen (15) days before the Fairness Hearing, Plaintiffs will submit a Motion for Final Approval of the Settlement Agreement.

**F.  Qualification for Payment**

Any Class Member who does not opt out will qualify for payment and will be sent a check containing his or her distribution of the Settlement after final approval of the settlement.

DATED: August 3, 2023

_____
The Honorable Valerie Figueredo
United States Magistrate Judge

SO ORDERED

VALERIE FIGUEREDO
United States Magistrate Judge
Dated: 8-3-2023

As stated at the telephonic conference held on August 3, 2023, the Court, with the parties' consent, adds the following provision to the proposed order:

Plaintiff And Class Members' Release:
If, at the Fairness Hearing, this Court grants Final Approval to the Settlement Agreement and Settlement, Plaintiff, and each individual Class Member who does not timely opt out will release their claims, by operation of this Court's entry of the Judgment and Final Approval, as described in the Settlement Agreement.

**The Clerk of Court is directed to terminate the motion at ECF No. 49.**